Brad D. Rose, Esq. (BR 2740)
Nicole E. Kaplan, Esq. (NK 6478)
Pryor Cashman LLP
410 Park Avenue
New York, New York 10022

Attorneys for Plaintiff
Revise Clothing, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



**JUDGE CHIN**

**07 CV 10616**

```
--------------------------------------------------X
REVISE CLOTHING, INC.,                            :
                                                  :
                Plaintiff,                        :      Civil Action No.
                                                  :      ECF CASE
                                                  :
                                                  :
        v.                                        :      COMPLAINT
                                                  :
WET JEANS AND JEAN CITY USA.,                     :
                                                  :
                Defendants.                       :
--------------------------------------------------X
```

Plaintiff Revise Clothing Inc. ("Plaintiff") as and for its complaint against Defendants,

Wet Jeans and Jean City USA ("Jean City") (collectively "Defendants"), respectfully alleges as

follows:

<u>NATURE OF THE ACTION</u>

1.      Plaintiff seeks injunctive relief and damages based upon, *inter alia*, Defendants'

infringement of Plaintiff's VANILLA STAR® trademark.

2.      As more specifically set forth below, Plaintiff owns a Class 25 federal trademark

registration for the mark VANILLA STAR® (Reg. No. 2762901).  This registration has been in

full force and effect since the registration date of September 9, 2003 and has been in use in

interstate commerce since at least as early as October 5, 2002.

569676                                    1

3.    Upon information and belief, Defendants are presently selling clothing bearing the mark VANILLA JEANS thereon and advertising the same.

4.    Such use is an infringement of Plaintiff's prior and paramount rights in and to the confusingly similar mark VANILLA STAR®, for which Plaintiff owns a federal trademark registration. Upon information and belief, Defendants had never used the mark VANILLA, standing alone or in connection with other terms, on apparel as a source identifier (i.e., as a trademark) prior to Plaintiff's date of first use.

## THE PARTIES

5.    Revise Clothing Inc. is a corporation duly organized and existing pursuant to the laws of New Jersey with an office and a principal place of business located at 215 W.40th Street, 2nd Floor, New York, NY 10018.

6.    Upon information and belief, Defendant Wet Jeans is a corporation duly organized and existing pursuant to the laws of the State of New York with an office and a principal place of business located at 1407 Broadway, Suite 707, New York, NY 10018.

7.    Upon information and belief, Defendant Jean City USA is a corporation duly organized and existing pursuant to the laws of the State of Florida with an office and a principal place of business located at 8030 W.26th Avenue, Hialeah, FL 33063.

8.    Upon information and belief, Wet Jeans is the distributor for Jean City USA.

## JURISDICTION AND VENUE

9.    This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and under the common law of the State of New York.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1121(a), 1331 and 1338.  The Court has jurisdiction over the related state law claims under principles of ancillary, pendent and supplemental jurisdiction and pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.      Plaintiff's VANILLA STAR® trademark**

12.     Plaintiff commenced use of the mark VANILLA STAR® in 2002 and today uses it in commerce on a variety of apparel items.  (A copy of a printout from the United States Patent and Trademark Office detailing the particulars of Plaintiff's registration is attached hereto as Exhibit A).  Plaintiff has an operational web site located at www.vanillastarjeans.com.

13.     Plaintiff's VANILLA STAR® merchandise is sold nationally in specialty and boutique stores, as well as in department stores.

14.     To date, Plaintiff has enjoyed substantial sales of its VANILLA STAR® merchandise, grossing over $100 million dollars at the retail level for the past three years.

15.     Plaintiff routinely receives a wealth of unsolicited national publicity, most notably in Woman's Wear Daily ("WWD"), In Touch Magazine, OK! Magazine, Style, Star and others. (Representative examples of magazines that featured Plaintiff's VANILLA STAR® merchandise are attached hereto as Exhibit B).

16.     Plaintiff has also expended a significant amount of time and money advertising and promoting the brand since the date of first use.  In fact, Plaintiff advertises on buses, public

telephone kiosks and even on a billboard in the heavily trafficked Times Square area in mid-town

Manhattan and generally spends hundreds of thousands of dollars on advertising and promotion.

17.    Because of Plaintiff's substantial and continuous use, as well as the favorable

publicity attached to Plaintiff's products sold under its mark, Plaintiff has built up significant

goodwill in its VANILLA STAR® trademark.

18.    As a result of Plaintiff's efforts, the consuming public associates Plaintiff's

VANILLA STAR® trademark solely with Plaintiff and has come to expect that goods sold under

that mark will be of the highest quality.

**B.    Defendants' Infringing Use of the VANILLA Trademark**

19.    Upon information and belief, Defendants are selling, distributing, advertising

and/or promoting clothing under the VANILLA JEANS trademark ("Infringing Merchandise").

(A picture of one of Defendants' apparel items is attached hereto as Exhibit C).

20.    Upon information and belief, Defendants had made no commercial trademark use

in commerce of any mark encompassing the term VANILLA prior to the date of first use set forth

in Plaintiff's registration for VANILLA STAR®.

21.    Upon information and belief, Defendants' do not own a trademark registration or

application for the mark VANILLA or VANILLA JEANS anywhere in the world.

22.    Because the term "jeans" in VANILLA JEANS is descriptive of the apparel items

sold under that mark and has no trademark value, Defendant's alleged mark is essentially

VANILLA, the most dominant and recognizable term in Plaintiff's mark, VANILLA STAR®.

23.    In or about September 2007, Plaintiff learned that Defendants were offering

apparel items bearing the mark VANILLA JEANS.  In fact, Plaintiff's buyers and other buyers

alike have been confused into thinking that Defendant's VANILLA JEANS brand and goods sold

under that moniker were manufactured, sold, authorized or sponsored by Plaintiff when no such relationship exists.

24.    Indeed, some buyers who previously purchased Defendants' Infringing Merchandise have visited Plaintiff's showroom asking to purchase clothing at Defendants' prices. In addition, one of Plaintiff's customers has returned merchandise on two occasions that it thought was Plaintiff's when, in fact, it was Defendants'.

25.    Accordingly, on September 17, 2007, Plaintiff sent a cease and desist letter to Defendant Wet Jeans advising it of Plaintiff's superior rights in and to the mark VANILLA STAR® and demanding, *inter alia*, that they immediately cease distributing, advertising and promoting the Infringing Merchandise. (A copy of the letter sent by counsel for Plaintiff is attached hereto as Exhibit D).

26.    In response to Plaintiff's letter, Defendants agreed to immediately stop producing merchandise under the VANILLA JEANS mark and advised that it would sell off its existing in-store merchandise. (A copy of the letter sent by counsel for Defendants is attached hereto as Exhibit E).

27.    On October 16, 2007, Plaintiff sent a follow up letter to counsel for Defendants requesting that they provide Plaintiff with a time commitment for the sell-off and a list of the stores where Defendants' merchandise was shipped. (A copy of the letter sent by counsel for Plaintiff is attached hereto as Exhibit F). No response to this letter was received.

28.    Now, over two months since Plaintiff initially contacted Defendants regarding its infringing activity, Plaintiff continues to see Defendants' Infringing Merchandise in stores and continues to learn of buyers who mistakenly believe that Defendants' apparel emanates from Plaintiff.

29.    Upon information and belief, Defendants' Infringing Merchandise is marketed and sold to the same consumers as Plaintiff's products at the same or similar price points as Plaintiff's products.

30.    To be sure, Defendants' use of a mark that is substantially similar to Plaintiff's famous mark to compete with Plaintiff in the apparel industry has already confused consumers into thinking that Defendants' Infringing Merchandise emanates from or is associated with Plaintiff and its VANILLA STAR® branded products and will continue to cause such confusion if unabated.

31.    Upon information and belief, Defendants' use of the mark VANILLA JEANS through, *inter alia*, the promotion and sale of clothing bearing the mark VANILLA JEANS is willful, having now been accomplished with knowledge of Plaintiff's prior rights in and to the VANILLA STAR® trademark, with the intent to trade on and benefit from the goodwill established in the VANILLA STAR® trademark by Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. §1114 *et seq.*)

32.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 31 above as if fully set forth herein.

33.    By their use of a mark that encompasses the term VANILLA on apparel, Defendants are trading on Plaintiff's registered VANILLA STAR® trademark and are misappropriating the goodwill and reputation which has attached to that trademark.

34.    Defendants' use of the mark VANILLA JEANS constitutes trademark infringement of a federally registered trademark and will confuse and deceive customers into

believing that Defendants and their apparel and advertisements for the same are associated with and/or authorized by the Plaintiff when no such association exists.

35.     The actions complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that the Infringing Merchandise being advertised and sold by Defendants are authorized by, licensed by, sponsored by, endorsed by or otherwise associated with Plaintiff.

36.     The acts and conduct of Defendants complained of herein constitute willful and deliberate infringement of Plaintiff's VANILLA STAR® trademark, and further constitute infringement of Plaintiff's VANILLA STAR® trademark in violation of Section 32 of the Lanham Trademark Act, 15 U.S.C. § 1114.

37.     By reason of all the foregoing, Plaintiff is being damaged by Defendants' willful infringement of the VANILLA STAR® trademark in the manner set forth above and will continue to be damaged unless Defendants are enjoined from using the mark VANILLA JEANS or any colorable imitations thereof on apparel items.

38.     Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are immediately enjoined.  Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 (a).

39.     Plaintiff has no adequate remedy at law.

40.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from selling, advertising, manufacturing, promoting, distributing the Infringing Merchandise, and to recover from Defendant all damages it has sustained in an amount to be determined at trial including but not limited to attorneys' fees and all gains, profits and

advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Unfair Competition and
### False Designation of Origin Under 15 U.S.C. §1125(a))

41.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 40 above as if fully set forth herein.

42.    The actions complained of herein constitute false designations of origin that are likely to cause consumer confusion or to deceive the public as to the affiliation, connection or association of Plaintiff and/or the VANILLA STAR® trademark with Defendants, and as to the origin, sponsorship and/or approval of Defendants' Infringing Merchandise.

43.    The foregoing acts of Defendants constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

44.    By reason of all the foregoing, Plaintiff is being damaged by Defendants' willful infringement of the VANILLA STAR® trademark in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined from using or selling or distributing products bearing the VANILLA JEANS trademark or any substantially similar variation thereof.

45.    Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are immediately enjoined.

46.    Plaintiff has no adequate remedy at law.

47.    In addition to injunctive relief, Plaintiff is entitled to all damages it has sustained in an amount to be determined at trial including but not limited to Defendants' profits and gains

as a result of their unfair competition described above, attorneys fees and costs of this action.

Plaintiff is also entitled to the destruction of the Infringing Merchandise under §1118.

### THIRD CLAIM FOR RELIEF
**(Trademark Dilution Under 15 U.S.C. §1125 (c))**

48.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 47 above as if fully set forth herein.

49.     Plaintiff's VANILLA STAR® mark is famous marks within the meaning of 15 U.S.C. §1125(c)(1) and has been famous prior to Defendants' conduct complained of herein.

50.     Plaintiff's VANILLA STAR® trademark is a famous mark by virtue of its substantial inherent and acquired distinctiveness, Plaintiff's extensive use, advertising and publicity of the marks that has resulted in strong and widespread recognition of the mark, and by virtue of the registration of the mark on the Principal Trademark Register of the United States Patent and Trademark Office.

51.     Defendants' use of the VANILLA STAR® trademark on and in connection with the sale and distribution of apparel items dilutes the strength and distinctive quality of Plaintiff's famous VANILLA STAR® mark and lessens the capacity of the VANILLA STAR® mark to identify and distinguish Plaintiff's products.

52.     The acts and conduct complained of herein constitute willful and deliberate dilution of Plaintiff's VANILLA STAR® trademark.

53.     The foregoing acts of Defendants constitute a violation of the Federal anti-dilution statute, Lanham Trademark Act 43(c), 15 U.S.C. §1125(c).

54.     By reason of all the foregoing, Plaintiff is being damaged by Defendants' willful dilution of the VANILLA STAR® mark in the manner set forth above and will continue to be

damaged unless Defendants are immediately enjoined from using a confusingly similar designation.

55.     Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

56.     Plaintiff has no adequate remedy at law.

57.     In addition to injunctive relief, because Defendants' violation is willful, Plaintiff is entitled to all damages it has sustained in an amount to be determined at trial including but not limited to Defendants' profits and gains, attorneys fees and costs of this action, as well as destruction of the Infringing Merchandise pursuant to §1118.

## FOURTH CLAIM FOR RELIEF
### (Trademark Infringement – NY Gen. Bus. Law §133)

58.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1 through 57 above as if fully set forth herein.

59.     In addition to its federal trademark registration for the mark VANILLA STAR®, by virtue of its use in commerce, Plaintiff has acquired common law trademark rights in its VANILLA STAR® trademark in connection with, among other things, apparel.

60.     The actions of Defendants herein complained of are likely to create confusion and mistake and deceive consumers into believing that Defendants' Infringing Merchandise is authorized by, licensed by, sponsored by or otherwise associated with Plaintiff and/or its common law rights in the VANILLA STAR® trademark.

61.     The foregoing acts of Defendants constitute willful and deliberate infringement of Plaintiff's VANILLA STAR® trademark in violation of the common law of the State of New York and NY Gen. Bus. Law §133.

62.     By reason of all the foregoing, Plaintiff is being damaged by Defendants' willful infringement of the VANILLA STAR® trademark in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined from using the confusingly similar mark VANILLA JEANS.

63.     Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

64.     Plaintiff has no adequate remedy at law.

65.     In addition to injunctive relief, Plaintiff is entitled to all damages it has sustained in an amount to be determined at trial including but not limited to Defendants' profits and gains as a result of their infringing acts described above, attorneys fees and costs of this action.

## FIFTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

66.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 65 of the Complaint as if fully set forth at length herein.

67.     Plaintiff owns and enjoys common law trademark rights in the VANILLA STAR® trademark in Ohio and throughout the United States.

68.     Defendants' unlawful infringement in Plaintiff's common law rights in and to the VANILLA STAR® trademark were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for itself and its VANILLA STAR® trademark. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiff.

69.     Defendants' use of the VANILLA JEANS trademark has caused and is likely to continue to cause consumer confusion as to the source of Defendants' clothing, all to the detriment of Plaintiff.

70.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

71.     Defendants' acts constitute unfair competition under Ohio common law.

72.     Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

73.     Plaintiff has no adequate remedy at law.

74.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using its VANILLA JEANS trademark, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

### SIXTH CLAIM FOR RELIEF
**(Violation of New York's Anti-Dilution Statute**
**New York General Business Law Section 360-(l)**

75.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 74 of the Complaint as if fully set forth herein.

76.     Plaintiff's VANILLA STAR® trademark is distinctive in the State of New York by virtue of its substantial inherent and acquired distinctiveness, extensive use in the State of

New York and the extensive advertising and wide spread publicity of the marks in the State of New York.

77.    As a result of the VANILLA STAR® trademark 's substantial inherent and acquired distinctiveness, extensive use in the State of New York and the extensive advertising and publicity of the marks in the State of New York, the VANILLA STAR® mark has become strong and is famous.

78.    Plaintiff's VANILLA STAR® trademark, which Defendants essentially copied, has become a distinctive symbol of goodwill that has been engendered in Plaintiff's products and represents significant and valuable proprietary assets to Plaintiff.

79.    Defendants' unauthorized use of Plaintiff's valuable trademark will dilute, tarnish and blur that mark.

80.    The actions of Defendants complained of herein have already injured and are likely to continue to injure the business reputation and dilute the distinctive quality of Plaintiff's famous VANILLA STAR® trademark.

81.    The foregoing acts of Defendants constitute dilution in violation of Section 360-(l) of the New York General Business Law.

82.    By reason of the foregoing, Plaintiff has been and is being damaged by Defendants' unauthorized and illegal use of a confusingly similar mark to that of the VANILLA STAR® mark in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined under Section 360-l of the New York General Business Law from using the VANILLA JEANS mark or a substantially similar variation thereof.

83.    Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

84.     Plaintiff has no adequate remedy at law.

85.     Plaintiff in entitled to injunctive relief.

### SEVENTH CLAIM FOR RELIEF
**(Unlawful Deceptive Acts and Practices**
**New York General Business Law Section 349)**

86.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 85 of the

Complaint as if fully set forth herein.

87.     Defendants, without Plaintiff's authorization or consent, and having knowledge of

Plaintiff's well-known and prior rights in and to the VANILLA STAR® trademark and the fact

that Defendants' apparel products is confusingly similar to the products that Plaintiff

manufactures and sells and is famous for, have manufactured, advertised, distributed, offered for

sale and/or sold apparel items to the consuming public in direct competition with Plaintiff.

88.     Defendants' use of the VANILLA JEANS marks is likely to cause and is causing

confusion, mistake and deception among the general purchasing public as to the origin of

Defendants' merchandise, and is likely to deceive the public into believing the merchandise

being sold by Defendants originates from, are associated with, or are otherwise authorized by

Plaintiff.

89.     Defendants' deceptive acts and practices involve public sales activities of a

recurring nature.

90.     Plaintiff has no adequate remedy at law, and if Defendants' activities are not

enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and

reputation.

91.    In addition to injunctive relief, Plaintiff is entitled to all damages it has sustained in an amount to be determined at trial but not less than Defendants' profits and gains, attorneys' fees and costs of this action.

WHEREFORE, the Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A.    Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from (a) using the VANILLA JEANS trademark or a mark that is substantially similar thereto, committing any act that falsely represents or which has the effect of falsely representing that Defendants' goods are licensed by, authorized by, offered by, produced by, sponsored by, or in any way associated with Plaintiff, (b) otherwise infringing Plaintiff's registered and common law VANILLA STAR® trademark, (c) unfairly competing with Plaintiff;

B.    Ordering Defendants to report to the Court, in writing under oath with a copy of Plaintiff's attorneys within thirty (30) days of service of notice of any Orders issued hereunder, setting forth in a detail the manner and form in which Defendants have complied with any such Order;

C.    Ordering, pursuant to 15 U.S.C. § 1118, that all fabrics, products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing VANILLA JEANS trademark, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, be delivered up and destroyed; that

Defendants make a diligent effort to recall all of their fabrics and products bearing the VANILLA JEANS trademark already distributed so that they, too, may be destroyed; and that Defendants file with this Court and serve on Plaintiff ten (10) days after the issuance of an injunction by the Court, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the foregoing;

D.    Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

E.    Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

F.    Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. § 1117(a);

G.    Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117;

H.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury as to all claims in this litigation.

Dated: November 27, 2007
      New York, NY

PRYOR CASHMAN LLP

By: _____
           Brad D. Rose, Esq. (BR-2740)
           Nicole E. Kaplan, Esq. (NK-6478)
           410 Park Avenue
           New York, New York 10022
           (212) 421-4100

Exhibit A

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,762,901

Registered Sep. 9, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## VANILLA STAR

REVISE CLOTHING, INC. (NEW JERSEY COR-
PORATION)
20 HENRY STREET
TETERBORO, NJ 07608 BY ASSIGNMENT KNICK
KNACK, INC. (NEW YORK CORPORATION)
TETERBORO, NJ 07608

FOR: CLOTHING, NAMELY, SHIRTS, PANTS,
JACKETS AND JEANS FOR MEN, WOMEN AND
CHILDREN, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-5-2002; IN COMMERCE 10-5-2002.

SN 78-126,818, FILED 5-7-2002.

JENNIFER KRISP, EXAMINING ATTORNEY

Exhibit B

Vanilla Star Jeans





Vanilla Star Jeans



Vanilla Star Jeans





Page 1 of 1

Vanilla Star Jeans

Vanilla Star Jeans



Vanilla Star Jeans



Vanilla Star Jeans



Vanilla Star Jeans



Exhibit C



OW CUT

SIZE USA

VANILLA
jeans





Exhibit D

# GORDON E. R. TROY, PC

<table>
<tr><td>802 425-9060<br>802 425-9061 Fax<br>gtroy@webtm.com<br>http://www.webtm.com</td><td>Attorney at Law<br>3333 Lake Road<br>PO Box 368<br>Charlotte, VT 05445</td><td>Admitted in:<br>Vermont, Illinois,<br>New York, and<br>District of Columbia</td></tr>
</table>

*Practice Exclusively in the area of Intellectual Property Law and Information Technology Matters*

September 17, 2007

Wet Jeans
1407 Broadway, Suite 707
New York, NY 10018

VIA CERTIFIED RETURN RECEIPT

Re:     Revise Clothing Inc. v. Wet Jeans
        Trademark Infringement of VANILLA STAR (Reg. No. 2762901)
        Our Ref: 1588-003.004

Dear Sirs:

This firm represents Revise Clothing Inc. in intellectual property matters. Our client is the owner of the United States Trademark Registration No. 2762901 for the trademark VANILLA STAR covering Clothing, namely, shirts, pants, jackets and jeans for men, women and children. A copy of my client's certificate of registration is attached to this letter. My client actively sells products bearing its VANILLA STAR trademark throughout the United States in many retail outlets and chain stores. My client's products are directed at primarily teenagers and my client has expended tremendous efforts as well as funds developing its VANILLA STAR trademark and through such promotional efforts, my client has developed recognition for its brand among the purchasing public.

It has come to our attention that you are selling products, including jeans for teenagers bearing the mark VANILLA on them, including on hang tags and woven labels affixed to the products themselves. Attached to this letter is a product purchased by my client showing use of the VANILLA mark on products. Your sale of products that includes my client's valuable trademark constitutes trademark infringement and unvari competition under Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a). Remedies for violations of the Lanham Act include not only injunctive relief against continuing misrepresentation and infringement, but also recovery of profits and damages suffered, which may be trebled. *See: 15 U.S.C. §1117(a).* Furthermore, since it appears to us that your company's conduct here is willful, my client would also be entitled to recover its attorneys' fees. *See: 15 U.S.C. §1117(b).*

My client is committed to the enforcement of its intellectual property rights. Accordingly, my client demands that you undertake on your own behalf and on behalf of any associated company, business or customer as follows:

1.  To immediately and permanently delete any reference to VANILLA, any derivative thereof, any trademark visually similar thereto or any trademark closely or confusingly similar or otherwise in any manner incorporating the VANILLA

GORDON E. R. TROY, PC
SEPTEMBER 17, 2007
PAGE 2

STAR trademark, trade dress, service marks, and trade names from all promotional literature, flyers, billboards, websites and any other medium upon which the VANILLA mark may appear;

2.  To immediately and permanently cease all use, including but not limited to, any manufacture, distribution, promotion and/or sale, of any products bearing or otherwise including VANILLA, any derivative thereof, any trademark visually similar thereto or any trademark closely or confusingly similar or otherwise in any manner incorporating the VANILLA STAR trademark, trade dress, service marks, and trade names;

3.  To provide us with an accounting of sales and remaining inventory of all products produced by or on behalf of your company bearing VANILLA or other VANILLA STAR marks, trade dress, and trade names, and all derivations thereof;

4.  To arrange for the immediate removal of all such products from the marketplace and to turn over to us all inventory in your possession or control which contain VANILLA or other VANILLA STAR marks, trade dress, and trade names, and all derivations thereof.

Unless our office receives written confirmation of your compliance with the foregoing demands, including receipt of a complete accounting as demanded above by the close of business on September 26, 2007, my client will be compelled to commence formal proceedings against you and shall seek injunctive relief, monetary damages, attorney fees and costs. Nothing contained herein shall be construed as a waiver or relinquishment of any rights or remedies my client may have, all of which are expressly reserved.

Very truly yours,
GORDON E. R. TROY, PC


By:_____
     Gordon E. R. Troy, Esq.

cc:     Mr. Sandeep Behl, Revise Clothing, Inc.

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**   Reg. No. 2,762,901
Registered Sep. 9, 2003

**TRADEMARK
PRINCIPAL REGISTER**

**VANILLA STAR**

REVISE CLOTHING, INC. (NEW JERSEY COR-
PORATION)
20 HENRY STREET
TETERBORO, NJ 07608 BY ASSIGNMENT KNICK
KNACK, INC. (NEW YORK CORPORATION)
TETERBORO, NJ 07608

FOR: CLOTHING, NAMELY, SHIRTS, PANTS,
JACKETS AND JEANS FOR MEN, WOMEN AND
CHILDREN, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-5-2002; IN COMMERCE 10-5-2002.

SN 78-126,818, FILED 5-7-2002.

JENNIFER KRISP, EXAMINING ATTORNEY



Exhibit E

# SANDLER, TRAVIS & ROSENBERG, P.A.

DONNA L. BADE*
ROBERT J. BECERRA
PEGGY LOUIE CHAPLIN*
DAVID E. COHEN*
CHARLES L. CROWLEY*
LENNY FELDMAN
SHANNON E. FURA*
GERALD B. HORN*
ZHAOKANG JIANG*
EDWARD M. JOFFE
ERIK D. JOHANSEN*
LARRY T. ORDET
JEREMY ROSS PAGE
ARTHUR K. PURCELL*
BETH C. RING*
LEONARD L. ROSENBERG
GILBERT LEE SANDLER
KRISTEN S. SMITH
DEBORAH B. STERN
MICHELLE L. STOPKA
THOMAS G. TRAVIS
THOMAS V. VAKERICS*
KENNETH WOLF*
NANCY J. WOLLIN

RONALD W. GERDES (1947-2005)

* NOT ADMITTED IN FLORIDA

ATTORNEYS AT LAW
THE WATERFORD
5200 BLUE LAGOON DRIVE
MIAMI, FL 33126-2022

(305) 267-9200
FAX (305) 267-5155
E-MAIL ADDRESS: info@strtrade.com
WEBSITE: www.strtrade.com

NICOLE BIVENS COLLINSON
MARK HANEY
JO BRONSON HARRIS
WILLIAM H. HOUSTON
SHAWN McCAUSLAND
JENNIFER A. MULVENY
W. CHAD NESBIT*
CATHERINE NG
LAUREN V. PEREZ
DZUNG PHAM
RHODA A. SALUS
DENNIS J. WAKEMAN
ADRIAN A. WILLIAMS
TRADE ADVISORS

MYLES J. AMBROSE*
P TRISTAN BOURGOIGNIE
DOUGLAS M. BROWNING*
STEPHEN L. BUCKLIN*
T. RANDOLPH FERGUSON*
C MICHAEL HATHAWAY*
JOHN C. KINGERY*
TODD G KOCOUREK
CINDY R. KORENBERG*
MATTHEW K. NAKACHI*
LAURA SIEGEL RABINOWITZ*
L. JANA SIGARS
OF COUNSEL

SANDLER & TRAVIS
TRADE ADVISORY SERVICES
DETROIT • OTTAWA • SÃO PAULO
CONSULTING SERVICES

October 12, 2007

*Email: gtroy@webtm.com*

VIA FEDERAL EXPRESS AND EMAIL
Gordon E.R. Troy, PC
3333 Lake Road
PO Box 368
Charlotte, VT 05445

Re:     Revise Clothing Inc. v. Wet Jeans and Jean City USA

Dear Mr. Troy:

We have reviewed this matter thoroughly with our client and do not believe there is any likelihood of confusion between your client's mark and the stylized form of VANILLA used by ours, especially in light of other third party users of this common word within the same industry. Nevertheless, in an effort to expeditiously and amicably resolve this matter without further debate, our client has agreed to stop, as of today's date, producing further products under this label and will, as promptly as possible, ensure the sell off of its existing in-store merchandise bearing the VANILLA brand name.

We trust this will satisfy your concerns and put this matter to rest.

Sincerely,

Sandler, Travis & Rosenberg, P.A.

By:  *Lauren Perez*
Lauren V. Perez
Vice President of Regulatory Matters

cc: EMJ
    Client

WASHINGTON, D.C.     MIAMI     NEW YORK     BALTIMORE     *SAN FRANCISCO     CHICAGO

*OFFICES KNOWN AS SANDLER TRAVIS & ROSENBERG AND GLAD & FERGUSON, P.C.

Exhibit F

This message is intended only for the use of the addressee and may contain information that is PRIVILEGED, CONFIDENTIAL, and/or ATTORNEY WORK PRODUCT. If you received this communication in error: 1) disclosure, copying, distribution or taking any action in reliance on the contents of this communication is strictly prohibited; 2) please delete and destroy all copies; and, 3) kindly notify us immediately. Your cooperation is greatly appreciated.

# GORDON E. R. TROY, PC

802 425-9060
802 425-9061 Fax
gtroy@webtm.com
http://www.webtm.com

Attorney at Law
3333 Lake Road
PO Box 368
Charlotte, VT 05445

Admitted in:
Vermont, Illinois,
New York, and
District of Columbia

*Practice Exclusively in the area of Intellectual Property Law and Information Technology Matters*

October 16, 2007

**Via Fax & Email**

Ms. Lauren V. Perez
VP of Regulatory Matters
Sandler, Travis & Rosenberg, P.A.
The Waterford
5200 Blue Lagoon Drive
Miami, FL 33126-2022

lperez@strtrade.com; [fax: Ms. Lauren V. Perez@Sandler, Travis & Rosenberg, P.A.@1 (305) 267-5155]

Re:   Revise Clothing Inc. v. Wet Jeans and Jean City USA
      Trademark Infringement of VANILLA STAR (Reg. No. 2762901)
Our Ref: 1588-003.004

Dear Ms. Perez:

I refer to your letter of October 12, 2007 responsive to mine concerning the above referenced matter.

We appreciate your client's willingness to cooperate in this matter, however we disagree with your legal conclusions in the matter as well as the resolution you propose, namely that your "client has agreed to stop, as of today's date, producing further products under this label [VANILLA] and will, as promptly as possible, ensure the sell off of its existing in-store merchandise bearing the VANILLA brand name." The is inadequate for a number of reasons, including, that there is no time commitment to immediately remove all VANILLA branded merchandise from stores, and it does not address the fact that there is consumer confusion with the obviously inferior quality products sold by your client. My client has received return samples from buyers of your client's products believing these products to emanate from my client when in fact they come from your client. As you well know, actual confusion is not a requirement under the law, but when it exists it further supports claims of a likelihood of confusion.

My client has been patient for a month now since sending its original cease and desist letter to Wet Jeans, however, its patience has now expired. My client will enforce its rights as is necessary under the law. We again reiterate all of our demands first made in our letter of September 17, 2007, which your client is obviously attempting to avoid. In addition to the demands made in our September 17, 2007, we further demand that you provide us with a complete list of all stores where the infringing merchandise has been shipped, or is otherwise available for sale, along with specific details on either the destruction of the product, or the removal of all labels and tags bearing VANILLA.

This message is inten___ only for the use of the addressee and may contain inform___ that is PRIVILEGED, CONFIDENTIAL, and/or ATTORNEY WORK PRODUCT.   If you received this communication in error: 1) disclosure, copying, distribution or taking any action in reliance on the contents of this communication is strictly prohibited; 2) please delete and destroy all copies; and,  3) kindly notify us immediately.  Your cooperation is greatly appreciated.

**GORDON E. R. TROY, PC**                                            **October 16, 2007**
                                                                            **Page 2**

As this has dragged on for an unnecessarily long period of time, we hereby demand complete compliance with our demands contained in our September 17, 2007 and as stated above, no later than the close of business October 22, 2007. Otherwise, and without further notice to you or your client, we shall pursue litigation of this matter seeking an immediate injunction as provided under the law.

Very truly yours,
GORDON E. R. TROY, PC

By:_____
    Gordon E. R. Troy, Esq.